IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03050-LTB

JEREMY PINSON,

    Applicant,

v.

DAVID BERKEBILE,

    Respondent.

---

ORDER DENYING MOTION FOR RECONSIDERATION

---

    Applicant, Jeremy Pinson, filed *pro se* a Motion for Reconsideration seeking reinstatement of this case. The Court must construe the Motion liberally because Mr. Pinson is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Motion will be denied for the reasons discussed below.

    A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Mr. Pinson's Motion for Reconsideration pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the Court dismissed this action for failure

to cure a deficiency. *See Van Skiver*, 952 F.2d at 1243 (previous ten-day limit applied to Rule 59(e) filings).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

After considering the Motion for Reconsideration, the Order of Dismissal, and the entire file, the Court concludes that Mr. Pinson fails to demonstrate any reason why the Court should alter or amend the December 23, 2013 Order of Dismissal and Judgment in this action. Nothing Mr. Pinson asserts constitutes cause for reinstating this case.

Mr. Pinson makes a general statement that the ADX repeatedly loses or destroys mail to and from this Court. He does not provide any documentation supporting his statement that he did not receive the November 8, 2013 Order directing him either to submit a 28 U.S.C. § 1915 Motion or to pay the $5 filing fee. He also does not assert that he submitted a § 1915 motion to this Court when he submitted the Application. Furthermore, Mr. Pinson did not submit a § 1915 motion with the Motion for Reconsideration in order to cure the deficiency noted in the November 8, 2013 Order, despite being aware of the deficiency. In the Motion for Reconsideration, Mr. Pinson refers to the final order and to the fact that he could not comply with the directives stated in the November 8 Order. Mr. Pinson either received the Order of Dismissal from the Court or had access to the Order at the prison facility, read the Order, and knew that

the Court had not received the motion or in the alternative the $5 filing fee. Even if Mr. Pinson only had access to the Docket in this case, he has not inquired about the nature of the deficiency and sought reinstatement to cure. Accordingly, it is

ORDERED that the Motion for Reconsideration, ECF No. 6, construed as filed pursuant to Fed. R. Civ. P. 59(e) is DENIED.

DATED at Denver, Colorado, this  9th  day of      January      , 2014.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court